**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE, INC., | |
| Plaintiff, | Civil Action No. 13-7105 |
| v. | |
| VAN HORN HOSPITALITY, LLC, et al., | OPINION |
| Defendants. | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

I.   **INTRODUCTION**

This matter comes before the Court on Plaintiff Ramada Worldwide Inc.'s ("RWI") motion for permanent injunction and final judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2).  For the reasons set forth herein, the motion is **GRANTED**.

II.   **BACKGROUND**

RWI is one of the largest guest lodging franchise systems in the United States.  RWI owns and has the exclusive right to license the service mark RAMADA and various related trade names, trademarks, as well as service marks, logos, and derivations thereof (the "Ramada Marks").

On December 17, 2008, RWI entered into a franchise agreement (the "Franchise Agreement") with Defendant Van Horn Hospitality, LLC ("Van Horn").  Through this Franchise Agreement, Van Horn agreed to operate a Ramada facility for fifteen years, was permitted to use the Ramada Marks, and was obligated to mark certain period payments to RWI.  Defendants Ken

Pansuria, Bharat Bhagat, and Aneel Ramolia executed personal guaranties (the "Guaranties") for Van Horn's obligations under the Franchise Agreement. Van Horn breached the Franchise Agreement and failed to cure. RWI then terminated the Franchise Agreement, but Defendants continue to use the Ramada Marks.

RWI filed a Complaint on November 22, 2013, seeking a permanent injunction restraining Defendants from continuing their unauthorized use of the Ramada Marks, as well as monetary damages. All Defendants have been served with a summons and complaint. (See Proofs of Service, Dkt. Nos. 7-8; Affidavit of Diligent Efforts, Dkt. No. 15; January 17, 2014, Letter, Dkt. No. 15). The time for Defendants to answer or otherwise move as to the Complaint has expired. The Clerk entered default against all Defendants on July 15, 2014. On October 23, 2014, RWI filed the instant motion for a permanent injunction and final judgment by default. To date, Defendants have not filed any opposition to the motion.

### III. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in

the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## IV. ANALYSIS

### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the Defendants. First, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). The Court also has personal jurisdiction over Defendants pursuant to Defendants' consent to jurisdiction as set forth in the Franchise Agreement and Guaranties. Id. Additionally, RWI has provided the Court with proof of service as to all Defendants.

### B. Liability

The Court concludes RWI has pled a breach of contract claim against Defendants as Plaintiff has pled the existence of a contractual relationship, that Defendants breached the Franchise Agreement by failing to remit the required payments, and resulting damages. See id.; Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 WL 4388697, at *1 (D.N.J. Sept. 4, 2014).

The Court also finds that RWI has stated a claim under the Lanham Act. "To prove trademark infringement, a plaintiff must show that: (1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin or the goods or services." Ramada, 2012 WL 924385, at *4. Plaintiff has pled all of these elements. (Compl. ¶¶ 12-15, 38-41, 46).

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that RWI will suffer prejudice absent entry of default judgment as RWI will have no other means of obtaining relief. Finally, the Court finds Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Super 8, 2014 WL 4388697, at *2; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

RWI first seeks $151,616.48 in "Recurring Fees" as defined in the Franchise Agreement. Plaintiff has provided sufficient evidence of these damages. (See Ex. H to Fenimore Aff., Dkt. No. 17-3; Franchise Agreement § 17.3, Dkt. No. 1).

RWI also seeks $177,370.51 in liquidated damages. Again, Plaintiff has provided sufficient proof of these damages. (See Franchise Agreement § 12.1, Dkt. No. 1; Fenimore Aff. ¶¶ 35-42).

Additionally, RWI claims it is entitled to $122,823.12 for Lanham Act damages. To calculate this amount, RWI multiplied the average monthly Recurring Fees that were paid in the preceding 24 months by the number of months Defendants are confirmed to have been infringing the Ramada Marks. This amount was then tripled because Defendants' violation was deliberate and willful. (Fenimore Aff. ¶ 44). This method of calculating damages has been approved by other courts in this District under similar circumstances. See Ramada, 2012 WL 924385, at *6. Here, the Court concludes that Plaintiffs have sufficiently proven their Lanham Act damages.

RWI also seeks $8,988.07 in attorneys' fees and costs, which the Franchise Agreement expressly authorizes. (Franchise Agreement § 17.4, Dkt. No. 1). Plaintiffs have provided the Court with sufficient proof of these damages. (Couch Cert., Dkt. No. 17-2).

Based upon the foregoing, judgment shall be entered against Defendants, jointly and severally, for: (1) $151,616.48 in Recurring Fees; (2) $177,370.51 in liquidated damages; (3) $122,823.12 in Lanham Act damages; and (4) $8,988.07 in attorneys' fees and costs.

### E. Permanent Injunction

RWI also seeks injunctive relief to prevent further violation of RWI's Ramada Marks. Courts within this District have generally applied one of two tests when determining whether a permanent injunction should be granted as part of a motion for default judgment. Many courts have applied the traditional four-factor test, in which a court must consider whether: (1) the plaintiff has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) considering the balance of hardships between the parties, a

remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. See Jackson Hewitt Inc. v. Larson & Savage, Inc., No. 13-403, 2014 WL 5511389, at *3 (D.N.J. Oct. 31, 2014) (citing eBay Inc. v. MercExchange LLC, 547 U.S. 388, 391 (2006)).

Other courts in this context, have instead applied a three-part test, in which the plaintiff must demonstrate that "(1) the Court's exercise of equity jurisdiction is proper, (2) the Plaintiff succeeded on the merits, and (3) the balance of equities tips in favor of injunctive relief." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 539 (D.N.J. 2008). In dermining whether the exercise of equity jurisdiction is proper, the court will consider whether: (1) the plaintiff has no adequate legal remedy, (2) the threatened injury is real, and (3) no equitable defenses exist. Id.

Under any articulation, RWI is entitled to a permanent injunction. Here, RWI has suffered, and will continue to suffer, violations of its trademarks. Trademark infringement constitutes an irreparable injury as a matter of law. Howard v. Laws, No. 13-957, 2014 WL 3925536, at *8 (D.N.J. Aug. 12, 2014). Second, due to the extent of Defendants' trademark violations and the potential for future violations, RWI lacks a proper legal remedy. Super 8, 2014 WL 4388697, at *2. RWI has also sufficiently demonstrated that the threatened injury is real and the Court cannot determine the existence of any equitable defense based upon the limited record before it. Id. Additionally, as explained above, RWI has set forth a cause of action under the Lanham Act.

Finally, the Court concludes that the balance of equities favors granting injunctive relief. Here, Defendants' conduct clearly violates the Lanham Act and serves no legitimate purpose. As such, the balance of hardships clearly favors a permanent injunction. Additionally, an injunction would serve the public interest because it would prevent deception and confusion. See Ramada,

2012 WL 924385, at *6; see also Holt's Co. v. Hoboken Cigars, LLC, No. 09-3782, 2010 WL 4687843, at *5 (D.N.J. Nov. 10, 2010).

## V. CONCLUSION

For the reasons set forth above, RWI's motion for a permanent injunction and final judgment by default is **GRANTED**. An appropriate Form of Order accompanies this Opinion.

Dated: January 12, 2015                                          /s Madeline Cox Arleo
                                                                 **United States District Judge**